**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**JERMAL BODDIE, et al.**                                                        **PLAINTIFFS**

**V.**                                                                **NO. 4:20-CV-177-DMB-DAS**

**TOIMESHIA BURNETT, et al.**                                        **DEFENDANTS**

**ORDER**

On July 24, 2020, Jermal Boddie, Tyla Rash, Jermal Giles, and Sharita Giles filed in the Circuit Court of Sunflower County a second amended complaint against Toimeshia Burnett and certain fictitious defendants. Doc. #2. On October 9, 2020, Burnett, relying on diversity jurisdiction, removed the state court case to the United States District Court for the Northern District of Mississippi. Doc. #1.

On October 13, 2020, Burnett filed two apparently identical documents captioned, "Motion to Dismiss and/or Alternatively Answer and Defenses of Toimeshia Burnett to Plaintiffs' Second Amended Complaint." Docs. #3, #4.[1] The documents both seek dismissal for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5), and also set forth an answer and affirmative defenses to the second amended complaint. Doc. #3 at 1–2 (motion) & 3–9 (answer); Doc. #4 at 1–2 (motion) & 3–9 (answer). Neither document is supported by a memorandum brief.

As an initial matter, the Local Rules of this Court require that, absent circumstances inapplicable here, a motion must be accompanied by a memorandum brief. L.U. Civ. R. 7(b)(4). Burnett's motions may be denied based on this procedural deficiency. *See id.* ("Failure to timely submit the required motion documents may result in the denial of the motion."); *Tri-Valley CAREs*

---

[1] Only the second was formally docketed as a motion in the Court's electronic filing system.

*v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

More fundamentally, "the Federal Rules of Civil Procedure do not contemplate a combined answer and motion to dismiss." *Quill Ink Books Ltd. v. ABCD Graphics & Design Inc.*, No. 18-920, 2019 WL 510461, at *1 (W.D. Okla. Feb. 8, 2019); *Gambrel v. Knox Cnty.*, No. 17-184, 2018 WL 1457296, at *2 (E.D. Ky. Mar. 23, 2018) ("Rule 12(b) does not permit the concurrent filing of a motion to dismiss and an answer."); *Hand v. Houk*, No. 2:07-cv-846, 2008 WL 5378358, at *2 (S.D. Ohio Dec. 23, 2008) ("[Rule 12(b)] does not envision that a motion to dismiss will be combined with an answer."). When a defendant files a combined answer and Rule 12 motion, "the interests of justice are … served by striking the improper filing altogether and directing that [the defendant] answer or otherwise respond by a date certain." *Quill Ink*, 2019 WL 510461, at *1.[2] Consistent with this approach, the two documents [3][4] are **STRICKEN**. Burnett may file an answer and/or otherwise respond to the second amended complaint within fourteen (14) days of this order.

**SO ORDERED**, this 6th day of November, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] *But see Gambrel*, 2018 WL 1457296, at *2–3 (noting some courts "permitted such a filing" or construed "the post-answer motion to dismiss as a motion for judgment on the pleadings") (collecting cases). This Court disagrees with such an approach.